UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROL JEAN HAWES,

    Plaintiff,

v.                                      Case No:   6:17-cv-1550-Orl-40TBS

TYNDA HOLDINGS LLC,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Defendant's Motion to Compel Plaintiff's Rule 26 Disclosures, Complete Verified Answers to Interrogatories, Plaintiff's Deposition, and Signed Medical Record Authorization Forms for Out-of-State Medical Providers (Doc. 37). Plaintiff has not filed a response to the motion and the time within to respond has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 Fed. Appx. 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at *1 (M.D. Fla. Feb. 1, 2012) (after

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

party failed to respond, court treated motion for summary judgment as unopposed). The Court proceeds on the basis that this motion is unopposed.

Plaintiff was a passenger on Defendant's vessel when she allegedly slipped and fell on September 23, 2016 (Doc. 31). She claims that as a result of her fall, she "suffered resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." (Id., ¶ 8). Plaintiff attributes the accident to Defendant's negligence (Id., ¶ 7). Defendant denies liability (Doc. 32).

Counsel held their FED. R. CIV. P. 26(f) conference on January 10, 2018 (Doc. 33 at 3). At that time, they agreed to furnish the parties' mandatory initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) no later than February 2, 2018 (Id., at 1). The Court incorporated this deadline into its Case Management and Scheduling Order ("CMSO") (Doc. 34 at 1). In her initial disclosures, Plaintiff provided the following information concerning her damages:

> *(c) Future Medical Expenses*
>
> We do not yet have an estimate of the Plaintiff's future medical expenses.
>
> *(d) Past and Future Noneconomic Damages*
>
> The Plaintiff is also seeking past and future noneconomic damages in amounts to be determined.

(Doc. 37-1 at 3). Defendant complains that these disclosures are incomplete (Doc. 37, ¶¶ 3-4). Federal Rule of Civil Procedure provides:

> (1) Initial Disclosure.

> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

FED. R. CIV. P. 26(a)(1)(A)(iii).

Courts in this district "generally require[] the disclosure of Rule 26 information for non-economic compensatory and punitive damages." Johnson v. R.J. Reynolds Tobacco Co., No. 2:12-cv-618-FtM-29SPC, 2013 WL 1899737, at *1 (M.D. Fla. May 7, 2013) (collecting cases). Plaintiff has not provided this information. Nor has she shown why she is unable to furnish a good faith estimate of her damages along with the methods of calculation used to arrive at those damages. Therefore, the Court finds that Plaintiff's initial disclosures of her damages are insufficient to satisfy Rule 26(a)(1)(A)(iii). **Within fourteen day**s from the rendition of this Order, Plaintiff shall furnish to Defendant a complete computation of each category of her known damages and produce the documents upon which those calculations are based. Plaintiff is also reminded of her duty to supplement her disclosures pursuant to Rule 26(e).

On February 5, 2018, Defendant served interrogatories on Plaintiff (Doc. 37, ¶ 13). Plaintiff, who did not object or request an extension of time, provided her answers almost two months later (Id., ¶¶ 14-17). Defendant contends that Plaintiff's answers to the following interrogatories are insufficient:

> No. 20: List each item of medical expense that you claim to have incurred as a result of the injuries claimed in this case, giving for each item the date incurred, to whom owed or paid,

the name and address of the medical provider and/or hospital, the amount billed, the amount paid, the source of the payment, the amount of any contractual adjustment or contractual write-off per Goble v. Frohman.

Answer: Please refer to the balance list produced with Plaintiff's Rule 26 Disclosure.

No. 21: Please describe any and all benefits paid and/or are payable for the expenses listed in your preceding interrogatory. Please identify which expenses are covered by insurance, what type of insurance, the amount of the insurance payment, the amount of any write-off, contractual adjustment, or collateral source payment, and the outstanding balance, if any, for each medical provider.

Answer: Undetermined at this time.

No. 22: Please list in detail the exact amount of any and all liens, including health insurance liens, relating to the medical expenses you claim to have incurred as a result of the injuries claimed in this case.

Answer: Undetermined at this time.

No. 23: Does Plaintiff receive Medicare benefits?

    a. If so, please provide the Medicare Health Insurance Claim Number.

    b. Date eligibility began.

    c. Has Medicare made any payments for health care services that are related to plaintiff's alleged injuries? If so, state the amount.

    d. Is there a Medicare lien for benefits you receive? If so, state the amount.

    e. Has Medicare been contacted regarding Plaintiff's receipt of benefits and this lawsuit? If so, explain in detail the result of said contact (e.g., receipt of conditional payment form, final demand, closing letter, establishment of hold back).

Answer: Plaintiff is a Medicare beneficiary, but eligibility and benefits paid to date have not been determined at this time.

(Id., ¶¶ 17-25).

The Court agrees with Defendant that Plaintiff's answers are insufficient. A party upon whom interrogatories are served has 30 days to respond, either by filing answers or objections. FED. R. CIV. P. 33(b). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(B)(3). "Thus, answers should be complete in and of themselves. Incorporation by reference to a separate document is not a responsive answer." Mann v. Island Resorts Dev., Inc., No. 3:08cv297/RS/EMT, 2009 WL 6409113, at *1 (N.D. Fla. Feb. 27, 2009) (internal citations omitted). Although Plaintiff references a "balance list" in response to interrogatory 20, she did not attach such a list to her initial disclosures and, as noted, even if she had provided the list with her initial disclosures, her answer to interrogatory 20 would still be improper. The interrogatories were propounded to Plaintiff more than sixteen months after the accident and she has failed to explain why she is unable to provide the requested information. Now, Plaintiff shall answer interrogatories 20-23 in full, under oath, **within fourteen days** from the rendition of this Order.

Defendant has attempted to take Plaintiff's deposition in June or July of this year (Doc. 37, ¶ 32). Defendant's lawyer has asked Plaintiff's lawyer multiple times, over more than thirty days, for dates when Plaintiff is available to be deposed and Plaintiff has not provided any dates (Id., ¶¶ 32-39). In addition to demonstrating a lack of good manners, the failure of Plaintiff's lawyer to respond in good faith to Defendant's request to take Plaintiff's deposition is unprofessional and inconsistent with the goal of "secur[ing] the just, speedy, and inexpensive determination" of this this action. FED. R. CIV. P. 1. Plaintiff's lawyer's conduct is all the more frustrating in light of the Court's admonition in the CMSO that:

> Counsel must respond promptly to inquiries and
> communications from opposing counsel. Board of Governors
> of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10
> and Creed of Professionalism ¶ 8 (adopted May 16, 1990),
> available at www.floridabar.org (Professional Practice - Henry
> Latimer Center for Professionalism).

(Doc. 34 at 5-6). The Court finds that Plaintiff's lawyer has not fulfilled his responsibility to communicate promptly with Defendant's lawyer concerning the taking of Plaintiff's deposition. **Within seven days** from the rendition of this Order the deposition shall be scheduled by mutual agreement of counsel. If counsel are unable to agree, then the Court will set the deposition at a time and place it deems convenient.

Defendant asked Plaintiff to sign medical record authorization release forms so that it can obtain Plaintiff's relevant medical records (Doc. 37, ¶¶ 42, 44). Defendant has also requested a CMS Medicare release from Plaintiff in order to obtain relevant Medicare records and potential lien information (Id., ¶ 43). Plaintiff has not responded to these requests (Id., ¶¶ 45-46). This is another example of Plaintiff's counsel's failure to fulfill his professional responsibility to respond promptly and in good faith to opposing counsel. The result is that Defendant has been prevented from obtaining information that is relevant to Plaintiff's personal injury claims. For these reasons, and because Plaintiff does not oppose this motion, Plaintiff shall sign and deliver the requested medical release forms and CMS Medicare release to counsel **within fourteen days** from the rendition of this Order.

If a motion to compel is granted, the court must ordinarily award the movant her reasonable expenses, including attorney's fees, incurred to bring the motion. FED. R. CIV. P. 37(a)(5). The Rule recognizes three exceptions none of which apply. FED. R. CIV. P. 37(a)(5)(A). Accordingly, Defendant is awarded its attorney's fees and costs for the

prosecution of this motion. Defendant has **fourteen days** from the rendition of this Order within to file its application for fees and costs unless the parties sooner resolve this matter between themselves. If Defendant files an application, Plaintiff will have fourteen days to respond.

**DONE** and **ORDERED** in Orlando, Florida on June 29, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record